UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent,<br><br>　v.<br><br>ENRIQUE HURTADO,<br><br>　　　　　　　Petitioner. | Case No. 2:08-cr-00102-KJD<br>　　　　　2:17-cv-0761-KJD<br><br>ORDER |

  Presently before the Court is Petitioner Enrique Hurtado's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion") (#85). The Government filed responses and supplements in opposition (#87/91) to which Petitioner replied (#89). All other pending motions are denied as moot.

I. BACKGROUND

  On August 13, 2008, Petitioner was found guilty at trial of all eleven counts of the indictment. On January 5, 2009, the Court entered Judgment against Defendant on those counts:

    Count 1 – Armed Bank Robbery

    Counts 2 & 4 – Use of a Firearm During and in Relation to a Crime of Violence

    Count 3 – Interference with Commerce by Armed Robbery

    Counts 5, 6, 7, & 8 – Interference with Commerce by Robbery

    Count 9 – Interference with Commerce by Attempted Robbery

    Count 10 – Bank Robbery

    Count 11 – Deported Alien Found Unlawfully in the United States

Defendant received a cumulative sentence of five hundred thirty-four (534) months.

On June 23, 2016, Petitioner filed an abridged 2255 motion, followed by a comprehensive 2255 motion, after receiving permission from the court of appeals to file a second or successive motion, on March 16, 2017, arguing that his sentence violates due process because it is based on an unconstitutionally vague portion of 18 U.S.C. § 924(c). Petitioner's vagueness argument relies on Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Petitioner accordingly points to language in § 924(c)'s residual clause, which is identical to that of the ACCA's residual clause, for the proposition that both provisions, and any convictions and sentences arising therefrom, are invalid.

After the ruling in Johnson, the Ninth Circuit issued its decision in United States v. Blackstone, 903 F.3d 1020, 1028–29 (9th Cir. 2018), cert. denied, 139 S. Ct. 2762 (2019). As pertinent to this case, the Ninth Circuit held that Johnson had not been extended to sentences imposed pursuant to § 924(c). Id. at 1028. Consequently, a 2255 motion seeking to invalidate a § 924 conviction based on Johnson, would therefore be untimely. Id. at 1028, 1029 ("The Supreme Court may hold in the future that Johnson extends to sentences imposed ... pursuant to [§ 924(c)], but until then [the petitioner's] motion is untimely.").

II. Legal Standard

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id. § 2255(f)(3).

III. Analysis

Petitioner argues that his convictions for Armed Bank Robbery and Hobbs Act Robbery are not qualifying predicate crimes of violence. Title 18 United States Code Section 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The U.S. Supreme Court recently invalidated § 924(c)(3)(B) after holding that its language is unconstitutionally vague. See United States v. Davis, 139 S. Ct. 2319, 2335–36 (2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

A. Armed Bank Robbery

Here, Petitioner argues that his sentence based on the underlying armed bank robbery and Hobbs Act Robbery convictions violate due process because the Court imposed them under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). To make that argument, Petitioner points to his predicate offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113. He claims that Armed Bank Robbery is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under Section 924(c) must have arisen from the unconstitutional residual clause. The Ninth Circuit in United States v. Watson, 881 F.3d 782 (9th Cir.), cert. denied, 139 S. Ct. 203 (2018), rejected the same arguments made by Petitioner when it held that federal armed bank robbery constitutes a crime of violence by its elements. 881 F.3d at 786. Petitioner's conviction for Armed Bank Robbery therefore implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause—rendering Petitioner

ineligible for relief on the grounds argued in his 2255 motion. Accordingly, the Court denies Petitioner's § 2255 motions.

B. Hobbs Act Robbery

Further, the Court finds that Petitioner's claims that Hobbs Act Robbery cannot be a qualifying crime of violence must be dismissed. Hurtado argues that a Hobbs Act Robbery cannot categorically fall under the force or elements clause of § 924(c)(3)(A) because a Hobbs Act Robbery can be committed by any amount of force necessary to accomplish the taking, it does not necessarily require the use of violent force. Prior to the Supreme Court's holding in Davis, the Ninth Circuit held that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993). In 2016, the Ninth Circuit was confronted with essentially the same argument that Hurtado raises here, that "because Hobbs Act Robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." United States v. Howard, 650 Fed App'x. 466, 468 (9th Cir. 2016). The Ninth Circuit held that Hobbs Act Robbery nonetheless qualified as a crime of violence under the force clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by United States v. Selfa, 918 F.2d 749 (9th Cir. 1990). In Selfa, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). Selfa, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. Id. (quoting United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as [a] crime of violence.

Id.

The Court holds that a Hobbs Act Robbery constitutes a crime of violence under § 924(c)(3)'s force clause. Under the elements set forth in the language of § 1951, Hurtado's

underlying felony offense (Hobbs Act Robbery) is a "crime of violence" because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see also United States v. Jay, 705 F. App'x 587 (9th Cir. 2017) (*unpublished*) (finding Hobbs Act Robbery a crime of violence). Davis is inapplicable here because Hurtado's conviction and sentence do not rest on the residual clause of § 924(c). The Court sees no reason to depart from the well-reasoned cases of nine other circuit courts of appeals that have found Hobbs Act Robbery to be a crime of violence after Johnson. See United States v. Garcia-Ortiz, 904 F.3d 102, 106 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Mathis, 932 F.3d 242, 265-67 (4th Cir. 2019); United States v. Buck, 847 F.3d 267, 274–75 (5th Cir. 2017); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); United States v. Hurtado, 919 F.3d 1064, 1072 (8th Cir. 2019); United States v. Melgar-Cabrera, 892 F.3d 1053, 1064-6 (10th Cir. 2018); In re Pollard, 931 F.3d 1318 (11th Cir. 2019).

As the Supreme Court found in Stokeling v. United States, 139 S. Ct. 544, 553 (2019), "Robbery . . . has always been within the category of violent, active crimes" that merit enhanced penalties under statutes like 924(c). As stated by the Supreme Court "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence." Id. at 551. Like the statute in Florida, Hobbs Act Robbery is "defined as common-law robbery." United States v. Melgar-Cabrera, 892 F.3d 1053, 1064. Section 924(c) includes crimes that involve "physical force." 18 U.S.C. § 924(c)(3)(A). Stokeling forecloses Petitioner's argument that the "force" required for Hobbs Act Robbery does not meet the standard set by 18 U.S.C. § 924(c)(3)(A).

Defendant argues that Hobbs Act Robbery fails to constitute a crime of violence under the elements clause because it does not categorically require the use of intentional force against the person or property of another, but instead, can be committed by causing fear of future injury to property, tangible or intangible. However, "[a] defendant cannot put a reasonable person in fear" of injury to their person or property without "threatening to use force." United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017). "[Robbery] by intimidation thus requires at least

an implicit threat to use the type of violent physical force necessary" to satisfy the requirements of the elements clause. Id.; see also Estell v. United States, 924 F.3d 1291,1293 (8th Cir. 2019) (bank robbery by intimidation requires threatened use of force causing bodily harm). Like the court in Mathis, this Court sees no reason to discern any basis in the text of elements clause for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence. 932 F.3d at 266. Therefore, Hobbs Act Robbery constitutes a crime of violence under the elements clause of Section 924(c).

IV. Certificate of Appealability

To appeal this order, Hurtado must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Given contrary holdings in other district courts in the Ninth Circuit, the Court cannot deny that other reasonable jurists would find it debatable that the Court's determination that Hobbs Act Robbery is a crime of violence pursuant to the force clause of § 924(c) is wrong. See United States v. Chea, No. 4:98-cr-40003-CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019); United States v. Dominguez, No. 14-10268 (9th Cir. argued Dec. 10, 2019). Accordingly, the court grants Defendant a certificate of appealability on the Hobbs Act Robbery issue only.

After the Supreme Court's denial of cert, there is no legitimate argument that Armed Bank Robbery is not a crime of violence. Accordingly, the Court denies a Certificate of Appealability on the Armed Bank Robbery argument in accordance with Slack.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner Enrique Hurtado's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#85) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:17-cv-0761-KJD, and close that case;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

IT IS FURTHER ORDERED that Petitioner is **GRANTED** a Certificate of Appealability on whether Hobbs Act Robbery is a qualifying crime of violence;

IT IS FURTHER ORDERED that Petitioner is **DENIED** a Certificate of Appealability on whether Armed Bank Robbery is a qualifying crime of violence

DATED this 31st day of March 2020.

_____
Kent J. Dawson
United States District Judge