# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Enrique Hurtado,<br><br>　　　　　　　　　Defendant. | Case No. 2:08-cr-00102-KJD-LRL-1<br><br>ORDER |

Presently before the Court is Defendant's Motion Pursuant to Federal Rules of Civil Procedure 60(b)(6) (#115). The Government responded in opposition (#116) and the Defendant replied (#117).

I.　　Factual and Procedural Background

In 2003, Enrique Hurtado ("Hurtado") pleaded guilty to two counts of federal armed bank robbery, and the Court sentenced him to 70 months imprisonment. After serving his sentence, Hurtado was deported in October 2006, but when he returned to the United States less than eighteen months later, he committed a string of eight robberies. On August 13, 2008, Petitioner was found guilty at trial. He received a cumulative sentence of 534 months of which he is currently serving. The Ninth Circuit affirmed his convictions. The Court denied his first Section 2255 motion and later denied his court of appeals-authorized successive 2255 motion, and the court of appeals affirmed that denial.

Hurtado brings the present motion and asks the Court to find that extraordinary circumstances warrant granting him relief from a final judgment under Fed. R. Civ. Pro. ("Rule") 60(b)(6).

II.　　Analysis

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or

proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief.

Under 28 U.S.C. § 2255, a movant may file a first motion for relief without seeking leave of the appellate court. Before a prisoner may file a second or successive motion, the motion must be certified by the court of appeals where the district court sits. The certificate of appealability is granted when 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2).

A defendant "may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under" Section 2255. United States v. Roberts, No. 3:05-CR-98-HDM, 2014 WL 2042069, at *1 (D. Nev. May 16, 2014) (quoting United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).

Hurtado asserts that he was not sentenced based on Count 11 and that all of his attorneys following his sentencing failed to raise this issue. He argues that the failure to impose a sentence on Count 11 of the indictment is an extraordinary circumstance that warrants granting his 60(b)(6) motion.

The Government argues in opposition that this claim is procedurally and substantively without merit because Count 11 was part of the sentencing structure, that this motion is disguised as another Section 2255 motion, and that therefore, the Court lacks jurisdiction to consider it.

The Court agrees with the Government and finds that it does not have proper jurisdiction to consider this motion because it has not been certified by the Ninth Circuit. Hurtado may be asking for relief under Rule 60(b), but in effect, he is asking for the Court to reconsider his

sentence, which should be brought as a 2255 motion. However, the Court has already considered and denied Hurtado's 2255 motion, and the Ninth Circuit affirmed that denial. (#95, #104). For Hurtado to bring another 2255 motion, he must seek a certification from the Ninth Circuit.

Finally, even if the Court had jurisdiction to consider this motion, it is not meritorious. The Court did consider Count 11 when sentencing Hurtado. And even if the Court did not consider Count 11, this was harmless error. Hurtado himself says in his reply that:

> Mr. Hurtado received a cumulative sentence of 534 months which is clearly erroneous as consecutive sentences of 151 plus 84 plus 300 equals 535 months. While this is only an error of one month which favors Mr. Hurtado, it does demonstrate the court's confusion in calculating his sentence and underscores the fact that the court's confusion caused the court to not sentence Mr. Hurtado on Count Eleven at all.

(#117, at 3).

The Court finds this is not, as Hurtado claims, "neglect so gross that it is inexcusable," and Hurtado's attorneys failing to raise this issue on appeal does not "amount to a total abandonment in Mr. Hurtado's case." (#115, at 12). During sentencing, the Court stated that "the defendant appeared before the Court and entered a plea of guilty to Count Eleven of the Indictment charging him with Deported Alien Found Unlawfully in the United States… [s]ubsequently, following completion of a jury trial, the defendant was found guilty of Counts One through Ten… for a total of Eleven counts." (#55, at 4). It is clear that during sentencing, the Court considered Count 11 many times. (#55). The Court did not fail to sentence Hurtado on Count 11 as Hurtado claims, and even with a mathematical error, it is a harmless error that even favors Hurtado.

III.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion Pursuant to Federal Rules of Civil Procedure 60(b)(6) (#115) is **DENIED.**

DATED this 30th day of March 2023.

Kent J. Dawson
United States District Judge