# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:08-cr-00102-KJD-LRL-1 |
| Plaintiff/Respondent, | |
| v. | ORDER |
| Enrique Hurtado, | |
| Defendant/Petitioner. | |

Presently before the Court is Petitioner's Motion for Renewal of Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#100).

I.     Factual and Procedural Background

On August 13, 2008, Petitioner was found guilty at trial of all eleven counts of the indictment. He received a cumulative sentence of 534 months. On June 23, 2016, Petitioner filed an abridged 2255 motion, followed by a comprehensive 2255 motion, after receiving permission from the court of appeals to file a second or successive motion. He argued that his sentence violated due process because it was based on an unconstitutionally vague portion of 18 U.S.C. § 924(c). Petitioner's vagueness argument relied on Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Johnson, 135 S. Ct. at 2557.  The Court issued an order on March 31, 2020. (#95). The Court denied his 2255 motion and held that Petitioner's conviction implicated the force clause of 19 U.S.C. § 924(c)(3)(A), which was not held as unconstitutionally vague by the Supreme Court. The Court also held that a Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)'s force clause and dismissed his claim. On June 23, 2020, Petitioner filed a renewal motion to vacate under 28 U.S.C. § 2255. (#100). Petitioner filed this renewal to preserve the filing deadline in case the issue of timeliness ever

arose.

II.  Analysis

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id.

The Court finds that there are no meaningful grounds for a 2255 motion and that the renewed motion is duplicative. The Court's order denying Petitioner's first 2255 motion has been affirmed by the Ninth Circuit. (#104). There has also been no intervening change of law. Section 924(c)(3)(A) has not been held as unconstitutionally vague. See United States v. Watson, 881 F.3d 782 (9th Cir. 2018), cert. denied, 139 S. Ct. 203 (2018). Further, in United States v. Dominguez, 48 F.4th 1040 (9th Cir. 2022), the Ninth Circuit held that only attempted Hobbs Act robbery is not a crime of violence, and that completed Hobbs Act robbery is a crime of violence. Because Petitioner was convicted of Hobbs Act robbery, and not attempted Hobbs Act robbery, his conviction is sound.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Renewal of Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#100) is **DENIED.**

Dated this 30th day of March 2023.

                                                                  Kent J. Dawson
                                                                  United States District Judge