UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America,<br><br>              Plaintiff/Respondent,<br><br>   v.<br><br>Enrique Hurtado,<br><br>              Defendant/Petitioner. | Case No. 2:08-cr-00102-KJD-LRL-1<br><br>ORDER |

Presently before the Court is Petitioner's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) (#108). The Government responded in opposition (#112) and the Petitioner replied (#113).

I.      <u>Factual and Procedural Background</u>

In 2003, Enrique Hurtado ("Hurtado") pleaded guilty to two counts of federal armed bank robbery, and the Court sentenced him to 70 months imprisonment. After serving his sentence, Hurtado was deported in October 2006, but when he returned to the United States less than eighteen months later, he committed a string of eight robberies. On August 13, 2008, Petitioner was found guilty at trial of all eleven counts of the indictment. He received a cumulative sentence of 535 months of which he is currently serving.

In 2018, Congress amended the First Step Act, which ended the "stacking" of multiple § 924(c) counts. Section 924(c) imposes graduated, consecutive, mandatory minimum sentences for using or carrying a firearm in connection with a crime of violence. For a first offense, there is a five to ten year minimum, depending on the circumstances, and for a second conviction, there is a consecutive 25-year mandatory minimum. Prior to the amending of the First Step Act, in a practice known as "stacking," a conviction could be treated as "second or subsequent" which triggered the 25-year minimum sentence, even if the first 924(c) conviction was obtained in the same case. <u>See</u> <u>Deal v. U.S.</u>, 508 U.S. 129, 132 (1993). The amendment ended stacking by clarifying that the 25-year mandatory minimum applies only when there is a prior § 924(c) conviction from an earlier, separate case. Had this provision been in place when Hurtado was

sentenced, he may have been sentenced to 29 ½ (355 months) years as opposed to the 44 ½ (535 months) years he is currently serving.

Congress made clear that the amendments made to the First Step Act were not retroactive to sentences imposed before December 21, 2018. However, the Act was also amended to allow courts to reduce a sentence if the defendant meets certain qualifications. Hurtado now seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asking the Court to reduce his sentence from 535 months to 355 months, arguing the sentencing disparity is an extraordinary and compelling reason under the statute.

II.     Analysis

Courts generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. When Congress amended the First Step Act, they allowed courts to "reduce the term of imprisonment after considering the factors set forth in 3553(a) to the extent that they are applicable, if [the court] finds that… extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3852(c)(1)(A)(i). The Sentencing Commission has issued a policy statement regarding compassionate release, and that commentary to that policy statement explains that "extraordinary and compelling reasons" exist where the defendant is suffering from a serious medical condition, where the age of the defendant is 65 or over and that defendant is suffering from serious physical or mental deterioration, in family circumstances like incapacitation of the caregiver of a defendant's child or children, or for "other reasons." U.S.S.G. § 1B1.13. The commentary also states that release is not warranted unless the court determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Id. The Ninth Circuit has found that this policy statement is not binding on a district court but may inform a district court's decision. See United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).

A defendant must also prove that he has met the procedural prerequisites for judicial review and then that "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. §

3582(c)(1)(A).

Hurtado's argument is that the sentence disparity between what his original sentence is and what his sentence would be if he had committed the crime today is an extraordinary and compelling reason warranting a sentence reduction. (#108, at 14). He argues that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" and that it "is appropriate for district courts to use § 3582(c)(1)(A) as a vehicle to reduce… stacked 924(c) sentences." Id. Hurtado points to many district courts around the country who have found this scenario to be an extraordinary and compelling reason. Id. at 10–14.

The Government opposes this argument and claims that Hurtado has not demonstrated an extraordinary and compelling reason to warrant a sentence reduction because Congress chose not to make the changes retroactive. (#112, at 8). The Government also argues that although the Sentencing Guidelines are not binding on district courts, they are still an important framework for the court to consider when determining to grant a compassionate release. Id. at 9. Lastly, the Government argues that Hurtado is still a danger to the community and should serve his original sentence. Id. at 14–15.

The Court finds that Hurtado has satisfied the administrative exhaustion requirement. For purposes of compassionate release, "[e]xhaustion occurs when the BOP denies a defendant's application[.]" United States v. Mondaca, No. 89-cv-00655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020). Hurtado administratively exhausted as of May 6, 2021, when his counsel requested compassionate release from his warden. (#108-1). Hurtado never received a response from the warden. (#108, at 3).

The Court also finds that Hurtado has demonstrated an extraordinary and compelling reason and thus is entitled to a sentence reduction. The § 3553(a) factors also weigh in favor of compassionate release. If Hurtado had been sentenced today, he would face 15 years less than what he was sentenced to in 2008. "Several courts have recognized that the disparity in sentencing after the amendment of 18 U.S.C. § 924(c) under the First Step Act constituted an extraordinary and compelling reason for a sentence reduction." United States v. Ngo, No. 97-

CR-3397-GPC, 2021 WL 778660, at *4 (S.D. Cal. Mar. 1, 2021). This Court joins many other courts around the country and "agrees that the injustice of facing a prison term 15 years longer than it would be if he were sentenced today constitutes an 'extraordinary and compelling reason' for a reduction of sentence[.]" Id., see United States v. Owens, 996 F.3d 755, 762 (6th Cir. 2021) (collecting cases); see also United States v. McCoy, 981 F.3d 271, 285 (4th Cir. 2020) (collecting cases).

Although not binding, the Court finds that this falls under the "catch-all" provision of the sentencing commission's policy statement. That statement provides guidance for what may be considered an extraordinary and compelling reason for sentence reduction, but by its language, it is not exclusive. See United States v. Jones, 482 F.Supp.3d 969, 976 (N.D. Cal. 2020). "The Application Notes state that 'extraordinary and compelling reasons exist under any of the circumstances set forth below"; they do not state that extraordinary and compelling reasons exist *only* under the circumstances described." Id. Further, because the Ninth Circuit held that the policy statement is not applicable to § 3582(c)(1)(A) motions, "the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." United States v. Chen, 48 F.4th 1092, 1095 (9th Cir. 2022). Similarly situated defendants throughout the country have been granted a sentence reduction based on this logic, and this Court joins them.

The Court also shares some concern with the Government regarding Congress' refusal to make § 924(c) retroactive. (#112, at 8–9). Congress stated in § 403(b): "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 403(b). However, the Ninth Circuit concluded in Chen, 48 F.4th, at 1098, "that district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." Id. They agreed with a Fourth Circuit ruling, McCoy, which explained:

> The fact that Congress chose not to make § 403 of the First Step
> Act categorically retroactive does not mean that courts may not

> consider that legislative change in conducting their individualized reviews of motions for compassionate release under § 3582(c)(1)(A)(i). As multiple district courts have explained, there is a significant difference between automatic vacatur and resentencing of an entire class of sentences… and allowing for the provision of individual relief in the most grievous cases… Indeed, the very purpose of § 3582(c)(1)(A) is to provide a "safety valve" that allows for sentence reduction when there is not a specific statute that already affords relief but "extraordinary and compelling reasons" nevertheless justify a reduction.

McCoy, 981 F.3d, at 286–87. Congress also made it clear that they no longer believe that a sentence the length Hurtado is serving is necessary for § 924(c) crimes. The change in the sentencing landscape demonstrates that Congress believes such a stacking maneuver in cases like this is too harsh. The Court finds that it does have authority to assess Hurtado's case despite Congress not applying the amendment retroactively, and that Hurtado is serving a sentence "that Congress itself views as dramatically longer than necessary or fair." Id. at 286.

The § 3553 factors also weigh in favor of compassionate release. The applicable factors are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide punishment, deter criminal conduct and protect the public from further crimes by the defendant; (3) the kinds of sentences and sentencing ranges available; and (4) the need to avoid unwarranted sentence disparities among defendants committing similar offenses. § 3553(a).

The first factor weighs in favor of denying this motion. Hurtado has a significant criminal history in this country. He is guilty of numerous misdemeanors and he was convicted of armed bank robbery once before, in 2001. Without downplaying the seriousness of the crimes Hurtado committed in this instance; robbing at least eight establishments in Las Vegas, while brandishing and firing a weapon, the Court recognizes that Congress has still revised what they believe to be an adequate sentence for the serious crimes that Hurtado committed. Hurtado's original sentence surpasses the average sentence for kidnapping, manslaughter, and even murder. See United States v. Jordan, No.2:13-cr-00221-APG-CWH, 2021 WL 3612400 at *4 (D. Nev. Aug. 13, 2021); McCoy, 981 F.3d at 285 (noting that the national average for a federal murder sentence in fiscal year 2018 was 291 months). Like many other courts have found, individuals similarly

situated to Hurtado are entitled to a sentence reduction. Hurtado has also demonstrated a willingness to be rehabilitated in prison, taking dozens of classes, and avoiding any disciplinary actions in the last several years. (#108, at 15–18).

Further, Hurtado is 13 years into his 44 ½ year sentence. (#108-2). Had he been sentenced today he would be 13 years into a 29 ½ year sentence. (#108, at 5). Granting him the reduction he seeks will leave him with 16 ½ more years of prison time to further pursue rehabilitation and it will still be within what Congress deems appropriate for this crime. Sentenced at age 35, Hurtado will be 65 years old when he is released, which leaves him less able to commit the same or similar offenses. Following release, Hurtado will likely go straight into ICE custody to face deportation proceedings. Id. at 18.

Finally, the Court reiterates that the growing body of law from district courts around the country that hold that circumstances such as Hurtado's warrant granting compassionate release. Ignoring these decisions would likely create the kind of sentencing disparities between defendants who are guilty of similar conduct that the Sentencing Commission wants to avoid.

I.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) (#108) is **GRANTED.**

DATED this 30th day of March 2023.

Kent J. Dawson
United States District Judge